**Daniel KINNAMAN, Plaintiff,**

v.

**DYNACOM INCORPORATED, et al., Defendants.**

**No. 3–98–CV–1732(WWE).**

United States District Court, D. Connecticut.

Nov. 19, 1999.

Frank J. Liberty, Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, New London, CT, for plaintiff.

Michael J. Quinn, Bonenberger & Quinn, LLC, Old Lyme, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Daniel Kinnaman, filed a complaint against defendants, Dynacom, Incorporated ("Dynacom") and Mitek Associates, Inc. ("Mitek"), alleging breach of contract (count one), breach of the implied covenant of good faith and fair dealing (count two), negligent misrepresentation (count three) and breach of the Connecticut Unfair Practices Trade Act ("CUTPA") (count four).

Defendants have moved the Court for summary judgment as to counts two and four. Plaintiff has filed an opposition to that motion. For the following reasons, the motion for summary judgment will be denied.

#### Background

In considering a motion for summary judgment, the Court assumes that all of plaintiff's allegations are true. Plaintiff's complaint alleges the following factual circumstances.

In 1994, plaintiff and defendant Dynacom entered into a consulting contract, providing for plaintiff to promote Dynacom software and hardware systems. The

---

**4.** Plaintiff's salary is a mere fraction of the defendant's revenues of over 1.5 billion dollars.

agreement afforded plaintiff a monthly retainer and a two percent commission on sales made by Dynacom.

In 1995, Dynacom increased the plaintiff's retainer with the promise that the commissions would remain the same. At that time, plaintiff proposed that he receive one percent of Dynacom's gross sales increase since the company had failed to pay his commission. Dynacom never signed plaintiff's proposal but paid the increased retainer amount.

In June, 1996, Dynacom paid plaintiff another increase in the retainer but still no commission.

In October, 1996, plaintiff was informed that Dynacom was merging with Mitek Associates to form Safari Technologies, Inc.

Plaintiff continued working for Safari until August, 1997, when he received a letter informing him that his services were no longer needed.

In September, 1997, Safari induced plaintiff to make a presentation on its behalf, promising plaintiff that he would receive two percent of commissions on any business that took place after the presentation. To date, plaintiff has not been paid any commission.

### Discussion

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

Defendants argue that summary judgment should enter on plaintiff's claims alleging breach of good faith and CUTPA violations. Specifically, defendants maintain that these actions are not applicable to an employer/employee relationship. However, in this case, plaintiff was not employed by any defendant as an employee but acted as a consultant through a consulting contract.

Accordingly, plaintiff's allegations of breach of good faith and violation of CUTPA are applicable to this action, which is based on breach of contract.

### Conclusion

For the foregoing reasons, defendants' motion for summary judgment [Doc. # 10] is DENIED.